# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 184

In the Interest of K.H., a child

State of North Dakota,                                                  Petitioner and Appellee

    v.

K.H., child; A.C., mother,                                                       Respondents

    and

J.H., father,                                                        Respondent and Appellant

## No. 20210245

In the Interest of K.H., a child

State of North Dakota,                                                  Petitioner and Appellee

    v.

K.H., child; A.C., mother,                                                       Respondents

    and

J.H., father,                                                        Respondent and Appellant

## No. 20210246

In the Interest of K.H., a child

State of North Dakota,                                                  Petitioner and Appellee

    v.

K.H., child; A.C., mother,                                                       Respondents

    and

J.H., father,                                                        Respondent and Appellant

No. 20210247

Appeal from the Juvenile Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Per Curiam.

Maren H. Halbach, Assistant State's Attorney, Devils Lake, ND, for petitioner and appellee; submitted on brief.

Ulysses S. Jones, Devils Lake, ND, for respondent and appellant; submitted on brief.

## Interest of K.H., K.H., and K.H.
## Nos. 20210245-20210247

**Per Curiam.**

[¶1] J.H. appealed from a juvenile court's findings of fact and orders terminating his parental rights to K.H., K.H., and K.H. On appeal, J.H. argues the court erred by finding by clear and convincing evidence that the causes of deprivation are likely to continue and by finding beyond a reasonable doubt that continued custody of the children by the father is likely to result in serious emotional or physical damage to the children.

[¶2] We conclude the evidence was sufficient to prove by clear and convincing evidence the children are deprived, the conditions and causes of deprivation are likely to continue, and the children are suffering, or will in the future probably suffer, serious physical, mental, moral, or emotional harm as required for the termination of parental rights under N.D.C.C. § 27-20-44 (now N.D.C.C. § 27-20.3-20). The evidence was also sufficient to prove beyond a reasonable doubt that the continued custody of the children by J.H. is likely to result in serious emotional or physical damage to the children under the Indian Child Welfare Act, 25 U.S.C. § 1912(f). We conclude the juvenile court did not abuse its discretion in terminating J.H.'s parental rights. We summarily affirm the orders under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Lisa Fair McEvers
Jerod E. Tufte
Gary H. Lee, D.J.

[¶4] The Honorable Gary H. Lee, D.J., sitting in place of Crothers, J., disqualified.

2